[Cite as *Hall v. The Ohio State Univ. College of Humanities*, 2011-Ohio-6842.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEPHEN GILROY HALL, PH.D.,

       Plaintiff,

       v.

THE OHIO STATE UNIVERSITY
COLLEGE OF HUMANITIES,

       Defendant.

Case No. 2010-10106

Judge Alan C. Travis

**DECISION**

{¶1} On August 22, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On October 3, 2011, plaintiff filed a response. On October 7, 2011, defendant filed a motion for leave to file a reply. On October 18, 2011, plaintiff filed a motion to strike defendant's motion for leave and defendant filed a response on October 28, 2011. Upon review, defendant's motion for leave is DENIED and plaintiff's motion to strike is DENIED as moot. Defendant's motion for summary judgment is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} Plaintiff received a Ph.D. in American History from The Ohio State University (OSU) in 1999. He briefly taught at both Central State University and OSU before he was offered a tenure track position as an assistant professor with the OSU Department of History in 2002.

{¶5} In 2008, the Promotion and Tenure Committee of the Department of History at OSU met to consider plaintiff's promotion and tenure. The committee voted in favor of plaintiff's promotion and Peter Hahn, Chair of the History Department, also recommended plaintiff's promotion and tenure. However, the Promotion and Tenure Committee for the College of Humanities voted against plaintiff's promotion. Dean of the College of Humanities, John Roberts, decided not to recommend plaintiff for tenure. On March 30, 2009, Executive Vice President and Provost Joseph Alutto determined that he would not recommend plaintiff to OSU's Board of Trustees for tenure. Plaintiff's employment with defendant ultimately ended on June 30, 2010.

{¶6} Plaintiff brought this action alleging race discrimination in violation of 42 U.S.C. 2000(e) and breach of contract.

{¶7} Defendant asserts that plaintiff cannot prevail on his claims because it followed its tenure policy and plaintiff cannot show that defendant's legitimate, non-discriminatory reason for denying him tenure was pretext for race discrimination.

{¶8} In support of its motion, defendant provided the affidavit of Chitra Iyer, who avers, in part:

{¶9} "1. I am employed by the Ohio State University (OSU) as Human Resources Director for the College of Arts and Sciences. I have held this position since September 1, 2009;

{¶10} "2. In my capacity as Human Resources Director, I am generally responsible for managing and directing all human resources related functions for the College of Arts and Sciences;

{¶11} "3.  I have present knowledge of litigation commenced by [plaintiff], and I am competent to testify about the facts in this affidavit;

{¶12} "* * *

{¶13} "5.  OSU review process for awarding promotion and tenure to faculty members is outlined in University Rules 3335-02 and 3335-6-04.  It provides for a three tiered level tenure review, beginning with a review of the candidate at the department level (or tenure initiating unit), then the College, and lastly the Office of Academic Affairs.  Tenure determinations must be based on convincing evidence that the candidate has (1) achieved excellence as a teacher; (2) achieved excellence as a scholar; and (3) is one that provides effective service, and can be expected to continue a program of high quality teaching, scholarship and service.

{¶14} "6.  In the same year Dr. Hall was denied promotion and tenure, Hassan Jefferies, Ph.D., an African American male was approved for promotion and tenure to Associate Professor in OSU's history department."

{¶15} 42 U.S.C. 2000e-2(a) states, in part: "It shall be an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin * * *."

{¶16} R.C. 4112.02 states, in part:  "It shall be an unlawful discriminatory practice: (A) For any employer, because of the race [or] color * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."  Case law interpreting Title VII of the Civil Rights Act of 1964 is also applicable to R.C. Chapter 4112.  *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civil Rights Comm.* (1981), 66 Ohio St.2d 192, 196.

{¶17} To establish a Title VII employment discrimination claim, a plaintiff is required to either "present direct evidence of discrimination or introduce circumstantial evidence that would allow an inference of discriminatory treatment." *Johnson v. Kroger Co.* (C.A.6, 2003), 319 F.3d 858, 864-865.  If there is no direct evidence of

discrimination, the burden-shifting framework established in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, will apply. Under *McDonnell Douglas*, a plaintiff establishes a prima facie case of race discrimination by establishing that plaintiff: 1) was a member of a protected class; 2) suffered an adverse employment action; 3) was qualified for the position held; and 4) that comparable, nonprotected persons were treated more favorably. Id. at 802.

{¶18} If plaintiff establishes a prima facie case, the burden of production shifts to defendant to "articulate some legitimate, nondiscriminatory reason for [its action]." Id. If defendant succeeds in doing so, then the burden shifts back to plaintiff to demonstrate that defendant's proffered reason was not the true reason for the employment decision. Id. at 804.

{¶19} In its motion for summary judgment, defendant admits that plaintiff has established a prima facie case of race discrimination. However, defendant argues that plaintiff cannot overcome defendant's legitimate, nondiscriminatory reason for its decision to deny plaintiff tenure.

{¶20} Defendant asserts that its legitimate, nondiscriminatory reason for failing to promote plaintiff was his poor teaching record. Defendant provided authenticated letters, memoranda, and Student Evaluation of Instruction reports (SEI) supporting its position. As early as 2007, plaintiff was on notice that his student evaluations were below an acceptable level when he received a letter from Peter Hahn, Chair of the History Department. (Defendant's Exhibit A-2.) Plaintiff taught five classes from August 2007 through Summer 2008 and the SEI data indicated that plaintiff's scores were nearly one point lower, on a five point scale, than similar classes in the department.

{¶21} After both the Promotion and Tenure Committee of the Department of History and Hahn recommended plaintiff's tenure, the Promotion and Tenure Committee for the College of Humanities voted against plaintiff's promotion due to his low SEI scores and negative student comments. In its written report, the Promotion and Tenure Committee for the College of Humanities stated, "We find the cumulative information to be evidence [of] an extremely weak and problematic teaching record." (Defendant's Exhibit A-6.) Dean of the College of Humanities, John Roberts, decided not to recommend plaintiff for tenure because "[plaintiff] is an ineffective teacher who does not

meet the standard of excellence in this critical area." (Defendant's Exhibit A-7.) Further, after considering all the submitted materials, Provost Alutto determined that "[plaintiff's] teaching record fails to meet the department, college and university criteria for promotion to the rank of Associate Professor with tenure. * * * [A]n established record of excellence in teaching is required to meet the criteria at all levels for promotion to the rank of Associate Professor with tenure." (Defendant's Exhibit A-8.)

{¶22} As Iyer averred, OSU considers the professor's record as a teacher and scholar and also the professor's record of service when determining whether a professor should be given tenure. Defendant's evidence establishes that plaintiff's teaching record, including the SEI reports, was the basis for the College of Humanities' decision to vote against plaintiff's promotion and tenure, as well as Dean Roberts and Provost Alutto's recommendation against promotion and tenure.

{¶23} To overcome defendant's legitimate, nondiscriminatory reason, plaintiff must demonstrate that the reasons offered by defendant were not its true reasons, but were a pretext for discrimination. *McDonnell Douglas,* supra, at 804. In order to meet this burden, plaintiff must prove "that defendant's proffered reason '(1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" *Carter v. Univ of Toledo* (C.A.6, 2003), 349 F.3d 269, 274, quoting *Seay v. TVA* (C.A.6, 2003), 339 F.3d 454, 463.

{¶24} In response, plaintiff submitted his responses to defendant's request for production of documents. However, pursuant to Civ.R. 56(C) responses to requests for production of documents are not proper evidence. Accordingly, the court will not consider this evidence.

{¶25} Plaintiff also filed his own affidavit, in which he states:

{¶26} "1. I state the following based on personal knowledge.

{¶27} "2. Denial of tenure in my case was based upon according a degree of weight to teaching that was contrary to that stated in OSU History Department tenure policy.

{¶28} "3. Teaching also has not historically been utilized as a basis to deny tenure and in my case was a pretext.

**{¶29}** "4. I was denied tenure by reason of my race, size and complexion, I am a dark skinned African American.

**{¶30}** "5. Historically the OSU History Department has granted tenure to Blacks on a disproportionately low basis. The African Americans who received tenure are light-skinned individuals.

**{¶31}** "6. OSU's history department has never granted tenure to a large dark-skinned Black man.

**{¶32}** "7. I am a member of a protected class and fully qualified to received tenure.

**{¶33}** "8. Whites were elevated to tenure level positions in the OSU History Department during the period tenure was denied to me.

**{¶34}** "9. The tone and content of the June 2009 correspondence concerning me written by Dean Roberts is evidence of racial animus. There was no rational basis for the language used by the Dean, such as the word dysfunctional.

**{¶35}** "10. Denial of tenure in my case was based on both race and color discrimination. I stated this both in my Complaint at the Equal Employment Opportunity Commission and in my responses to Interrogatories in this action."

**{¶36}** In support of its motion, defendant also provided the deposition transcript of plaintiff, which provides, in part:

**{¶37}** "Q: Okay. So going back to your time at OSU, explain to me what the criteria was, or explain to me * * * how the criteria was explained to you for being offered tenure and promotion?

**{¶38}** "A: * * * [M]y understanding is that * * * a candidate must achieve excellence in teaching, research and service in order to be * * * successfully promoted to associate professor." (Hall Deposition, pages 15-16, lines 18-3.)

**{¶39}** Iyer's affidavit, the documents provided by defendant, and plaintiff's own deposition testimony show that in order to achieve tenure at OSU, a candidate must achieve excellence in teaching, as well as research and service. Upon review, the court finds that plaintiff has presented no evidence to overcome defendant's legitimate reason for its denial of tenure. Plaintiff has presented no evidence of racial animus in defendant's consideration of the SEIs. Plaintiff's bald assertions that he was denied

tenure because of his race and color are unsupported and do not prove pretext. Plaintiff has failed to present any evidence to overcome defendant's legitimate, nondiscriminatory reason for denying him tenure. Namely, plaintiff has failed to provide any evidence that he achieved excellence in teaching or that his poor teaching record was insufficient to deny his promotion and tenure. The only reasonable conclusion to be drawn from the evidence is that defendant denied plaintiff tenure based on his poor teaching record. Thus, defendant is entitled to judgment as a matter of law as to plaintiff's claim for race discrimination.

{¶40} Turning to plaintiff's claim for breach of contract, plaintiff alleges that "OSU's denial of tenure is also a breach of contract. The decision contradicted provisions of the Department Tenure Handbook * * *. Additionally, pursuant to the Handbook, [plaintiff] was de facto, or automatically, tenured. Such tenure arose based on the fact that [plaintiff] had published and met all of the other historical requirements." (Complaint, ¶16.) Defendant asserts that it followed OSU's tenure policy.

{¶41} "[A] court should intervene [in tenure decisions] only where an administration has acted fraudulently, in bad faith, abused its discretion, or where the candidate's constitutional rights have been infringed. [The] court is not a super administrator concerning the assessment of a candidate's particular qualifications for tenure * * *." *Gogate v. Ohio State Univ.* (1987), 42 Ohio App.3d 220, 225-26, citing *Bassett v. Cleveland State Univ.* (1982), Ct. of Cl. No. 1982-02100. Further, "'[d]eterminations about such matters as teaching ability, research scholarship, and professional stature are subjective, and unless they can be shown to have been used as the mechanism to obscure discrimination, they must be left for evaluation by the professionals, particularly since they often involve inquiry into aspects of arcane scholarship beyond the competence of individual judges.'" Id. at 226, quoting *Kunda v. Muhlenberg College* (C.A.3, 1980), 621 F.2d 532, 548.

{¶42} Iyer's affidavit stated that OSU's tenure policy is contained in University Rules 3335-02 and 3335-6-04 and that it provides for a three-tiered level of review. Tenure and promotion is based on teaching excellence, scholarly excellence, and service.

**{¶43}** In his affidavit, plaintiff alleges that he was denied tenure because defendant "accord[ed] a degree of weight to teaching that was contrary to that stated in OSU History Department tenure policy." (Plaintiff's Affidavit, ¶2.) In his deposition, plaintiff testified that he believed OSU policies were breached in his tenure review because of Dean Roberts' focus on his SEI scores.

**{¶44}** The documents provided by defendant in support of its motion show that plaintiff's denial of tenure was based upon his performance as a teacher. Plaintiff has failed to present any evidence to demonstrate that defendant failed to comply with the Department Tenure Handbook when it denied him promotion and tenure. Plaintiff's unsupported conclusions that defendant placed too much emphasis on the SEIs do not permit an inference that defendant acted fraudulently, in bad faith, abused its discretion, or violated plaintiff's constitutional rights when it denied plaintiff promotion and tenure. Based on the evidence, the only reasonable conclusion to be drawn is that defendant followed the three-tiered tenure process and that it denied plaintiff's tenure because of his failure to achieve excellence in teaching, a requirement for tenure.

**{¶45}** For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

**STEPHEN GILROY HALL, PH.D.,**

  **Case No. 2010-10106**

  **Plaintiff,**

  **Judge Alan C. Travis**

  **v.**

**THE OHIO STATE UNIVERSITY
COLLEGE OF HUMANITIES,**

  **Defendant.**

  **JUDGMENT ENTRY**

{¶46} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Kristin S. Boggs
Randall W. Knutti
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Percy Squire
341 S. 3rd Street, Suite 101
Columbus, Ohio 43215

Filed November 3, 2011
To S.C. reporter December 30, 2011